# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD CONRAD MORGAN,

Defendant-Appellant.

UNPUBLISHED
July 19, 2018

No. 337577
Kent Circuit Court
LC No. 16-010418-FH

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his conviction for second-degree home invasion in violation of MCL 750.110a(3). We affirm.

Defendant argues on appeal that there was insufficient evidence to convict him of second-degree home invasion.[1] We disagree.

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). To sustain a conviction, due process requires that there be sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). This Court reviews challenges to the sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Id*. at 515. In applying this standard, this Court must resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). A defendant's intent can be established through minimal circumstantial evidence and can be inferred from all of the evidence presented. *Id*. at 622. Questions of intent and the honesty of belief involve weighing the evidence and assessing the credibility of the witnesses, which is a

---

[1] Defendant also argues that there was insufficient evidence to convict him of the crime of assaulting, resisting, or obstructing a police officer in violation of MCL 750.81d(1). But the trial court declared a mistrial on that charge because the jury was unable to reach a decision on it, and the prosecution dismissed the charge. Accordingly, we decline to address the issue.

task for the jury. *People v Cain*, 238 Mich App 95, 119; 605 NW2d 28 (1999). This Court will not interfere with the jury's assessment of the weight of the evidence or the credibility of witnesses. *Wolfe*, 440 Mich at 514-515.

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree. [MCL 750.110a(3).]

Larceny is committed by the wrongful taking of property from one who rightfully possesses it. *People v March*, 499 Mich 389, 404; 886 NW2d 396 (2016). "[I]f a defendant had a good-faith belief that [he] had a legal right to take the property at issue, then the defendant cannot be convicted because the defendant did not intend to deprive another person of property." *Cain*, 238 Mich App at 119.

First, defendant admitted that he gained entry to the victim's apartment by breaking a window and going through it. The victim testified that defendant did not have permission to be in her apartment, and he did not have permission to break her window. Therefore, we conclude that a rational jury could find beyond a reasonable doubt that defendant broke and entered a dwelling without permission.

Second, deputies of the Kent County Sheriff's Department testified that defendant told them that he entered the apartment with the intent to take $150 that the victim owed him. The victim testified that she did not owe defendant any money, but she said that defendant knew she kept cash in her bedroom drawers. Defendant testified that the only reason he was in the apartment was to retrieve his keys and cellular telephone that he left there. The victim, however, testified that she did not believe that any of defendant's property was in her apartment. The jury heard the conflicting testimony, and it chose to believe the deputies and the victim as evidenced by its guilty verdict. When viewing the evidence in the light most favorable to the prosecution, *Wolfe*, 440 Mich at 515, and when drawing all reasonable inferences and making credibility choices in support of the jury verdict, *Kanaan*, 278 Mich App at 619, we conclude that a rational trier of fact could find that the essential elements of second-degree home invasion were proven beyond a reasonable doubt.

We affirm.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey